# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CUMMINGS,** | : | **CIVIL NO. 3:15-CV-2245** |
| **Plaintiff,** | : | **(Judge Conaboy)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SERGEANT VOLACK, et al.,** | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

The background of this order is as follows:

The plaintiff, who is proceeding *pro se*, commenced this action by a complaint on November 23, 2015. (Doc. 1.) The plaintiff has filed a series of motions to amend his complaint, most recently filing a motion to amend on April 7, 2016. (Doc. 34.) Recognizing that leave to amend should be liberally granted, we granted this motion and the clerk was directed to file the proposed amended complaint, (Doc. 34-1) as the amended complaint in this case.

Counsel has entered an appearance for numerous corrections defendants, and we have set August 21, 2016 as the date for the filing of responsive pleadings in this case. These developments have inspired a series of filings by Cummings, including a motion to clarify, a motion for entry of default, and a motion to compel discovery. (Docs. 45-

47.) With respect to these motions, IT IS ORDERED as follows:

1. The motion to compel discovery (Doc. 47) is GRANTED in part and DENIED in part without prejudice, and Mr. Cummings is advised that once the defendants have responded to the complaint we will set a discovery schedule in this case. After that schedule is set the plaintiff may propound discovery in accordance with the schedule set by the court. However, to the extent that Cummings has preciously propounded discovery requests, defense counsel is instructed to either commence responding to the requests or seek a stay of discovery if the defense intends to respond to the complaint through a potentially dispositive motion.

2. The motion for entry of default as to Charles Boyer (Doc. 46) is DENIED since our review of the plaintiff's amended complaint leads us to conclude that it was difficult to discern that Boyer was mow being sued and there is no clear indication that he was served. Instead, IT IS ORDERED that defense counsel should notify the court within 14 days if it is prepared to accept a waiver of service on behalf of Mr. Boyer.

3. The motion to clarify is GRANTED, (Doc, 45), in part, in that the clerk is directed to identify the defendant previously identified as Sergeant

Bullock, as "Sergeant Volack." To the extent that Cummings seeks our aid in entering a default against Defendant Boyer the motion is DENIED, and we also decline Cummings' invitation to direct mediation at this time, but do so without prejudice to direct communications between the parties on this score.

SO ORDERED, this 8th day of July, 2016.

<u>S/Martin C. Carlson</u><br>
Martin C. Carlson<br>
United States Magistrate Judge